UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                          CRIMINAL ACTION NO. 5:22-cr-00086

ERIC I. DAY

**MEMORANDUM OPINION AND ORDER**

On September 28, 2022, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, denied Defendant Eric Day's *Bruen*-Based Motion to Dismiss the indictment. [Doc. 38]. Mr. Day timely objected to Magistrate Judge Aboulhosn's Order on October 4, 2022. [Doc. 40]. The matter is ready for adjudication.

**I.**

On April 19, 2022, a grand jury returned a single count indictment against Mr. Day, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [Doc. 1]. Mr. Day moved to dismiss the indictment on August 8, 2022. [Doc. 25]. The motion was referred to Magistrate Judge Aboulhosn. [*See* Doc. 17].

Mr. Day contends the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). [Doc. 25]. He asserts the Second Amendment textually covers his conduct. He further asserts the Government cannot meet its burden of showing § 922(g)(1) is consistent with this Nation's history. *Id.* The Government disputes whether the Second Amendment protects Mr. Day's

conduct; it contends § 922(g)(1) is consistent with our history of firearm regulation. [Doc. 27].

Magistrate Judge Aboulhosn denied Mr. Day's motion. [Doc. 38]. While he stated that "it is debatable that such restrictions enjoy a 'longstanding history' in this Nation," *id.* at 6, Magistrate Judge Aboulhosn ultimately concluded that *Bruen* had no impact on § 922(g)(1), *id.* at 8. Mr. Day objects to this conclusion on five grounds. [Doc. 40]. Specifically, he contends (1) Magistrate Judge Aboulhosn failed to find the "law abiding citizen construct" integral to the analysis "expressly rejected by *Bruen*," *id.* at 1; (2) his conduct is covered by the Second Amendment, *id.* at 1–2; (3) the Government failed to establish § 922(g)(1) is consistent with this nation's tradition of firearm regulation, *id.* at 2; (4) Magistrate Judge Aboulhosn improperly relied on language from the concurring opinions in *Bruen*, *id*; and (5) Magistrate Judge Aboulhosn's suggestion that applying *Bruen* to "any provision of the Gun Control Act would produce 'absurd results'" is inapposite, *see id.* The Government maintains that Magistrate Judge Aboulhosn properly analyzed § 922(g)(1) under the *Bruen* framework. [Doc. 44].

## II.

Where, as here, a defendant moves to dismiss an indictment, "a judge may . . . designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition" of the motion. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). The Court construes the Magistrate Judge's analysis as the required findings of fact and recommendation required under § 636(b)(1) ("PF&R").

Upon the filing of a PF&R, the Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* The Court need not review, under a de novo or any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985). Further, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

Mr. Day's objections collapse into the singular assertion that Magistrate Judge Aboulhosn improperly applied *Bruen*. The Court previously considered *Bruen*'s impact on § 922(g)(1) and joined those courts upholding the statute as constitutional. *United States v. Manns*, No. 5:22-CR-00066, 2023 WL 3121230 (S.D. W. Va. Apr. 27, 2023) (Volk, J.); *see, e.g.*, *United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457 (S.D. W. Va. Oct. 12, 2022) (Goodwin, J.); *United States v. Spencer*, No. 2:22cr106, 2022 WL 17585782 (E.D. Va. Dec. 12, 2022); *United States v. Dawson*, No. 3:21-CR-00293-RJC-DCK, 2022 WL 17839807 (W.D.N.C. Dec. 21, 2022); *see also United States v. Jackson*, No. 22-2870, 2023 WL 3769242 (8th Cir. 2023) (denying an as-applied challenge). *But see Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (finding § 922(g)(1) unconstitutional as applied to appellant previously convicted of making false statements to obtain food stamps). Consistent with those decisions and the Supreme Court's guidance, the Court reiterates its conclusion that § 922(g)(1) does not run afoul of the Second Amendment.

### IV.

For the foregoing reasons, the Court **OVERRULES** Mr. Day's Objections [**Doc. 40**], **ADOPTS** the PF&R [**Doc. 38**], and **DENIES** Mr. Day's Motion to Dismiss [**Doc. 25**].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal Service.

                    ENTER:      July 27, 2023

*Frank W. Volk*
Frank W. Volk
United States District Judge