**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

UNITED STATES OF AMERICA

v.                                                        CRIMINAL ACTION NO. 5:22-cr-00086

ERIC I. DAY

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Eric I. Day's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF 94], filed November 20, 2025, to which the Government responded on December 23, 2025. [ECF 96]. The matter is ready for adjudication.

**I.**

On November 16, 2023, Mr. Day pled guilty to a single-count Indictment, charging him with being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF 1; ECF 58]. Mr. Day was sentenced to 60 months' imprisonment, followed by a three-year term of supervised release. [ECF 74]. He is currently serving his sentence at FCI Greenville, with an anticipated release date of May 29, 2026. Mr. Day seeks compassionate release due to the Bureau of Prisons' ("BOP") purported failure to adequately treat a leg wound that he suffered 44 months prior to filing his Motion. [ECF 94 at 6]. Inasmuch as Mr. Day's Motion states 30 days elapsed without a response from the warden to his October 7, 2025, request for compassionate release, he contends he has properly exhausted his administrative remedies. [ECF 94 at 3].

Respecting the condition of his leg, Mr. Day asserts his symptoms present a serious medical condition constituting extraordinary and compelling reasons for his release. [ECF 94 at 4]. In his form Motion, he asserts he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." [ECF 94 at 5]. Specifically, Mr. Day contends he has been fighting a leg wound for 44 months and has been refused medical care twice by the United States Marshals Service and the BOP instead of being sent to wound care. [ECF 94 at 6]. He contends his leg needs a skin graft and surgical intervention. [*Id.*].

In his October 7, 2025, letter to the warden requesting compassionate release forms, he stated he incurred an injury to his left thigh from the middle down due to an injury during an operation. He states, "I've been dealing with this issue for 40 to 43 months now and I'm still in the red zone/danger zone and could still possible [sic] die from the injury, or if it gets infected. And I've been having set back after set back in the healing process and still a ways to go." [ECF 94-4 at 1].

The Government opposes release. [ECF 96 at 1]. It contends Mr. Day's medical conditions are being managed, he does not have a terminal condition, and "his purported justifications fall short of an extraordinary and compelling reason for the requested relief." [ECF 1]. Additionally, the Government contends "it does not appear defendant has exhausted all administrative remedies through the Bureau of Prisons." [ECF 96 at 3].

## II.

The First Step Act (the "Act") amended 18 U.S.C. § 3582(c)(1)(A) to expand access to compassionate release to incarcerated individuals. Prior to enactment, a court could only

2

consider compassionate release on motion by the BOP. The Act "removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 597 U.S. 481, 484 (2022). However, this broad discretion "does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence . . . counsels against providing relief." *Id*. at 502. Rather, "[i]t is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained." *Id*. at 486-87; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (holding that when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting [its] analysis.").

In April 2023, the U.S. Sentencing Commission promulgated amendments to the federal sentencing guidelines that took effect on November 1, 2023. Among those amendments was a revision to Section 1B1.13(a) authorizing a movant to file a motion under 18 U.S.C. §

3582(c)(1)(A). Section 1B1.13 further provides any of the following circumstances or combination thereof constitute extraordinary and compelling reasons: (1) the medical circumstance of the defendant, including, *inter alia*, "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," (2) the defendant's age, (3) the defendant's family circumstances, (4) the defendant is a victim of abuse, (5) other circumstances similar in gravity to those previously listed, or (6) the defendant received an unusually long sentence. *See* U.S.S.G. 1B1.13(b)(1)–(6).

If an inmate demonstrates extraordinary and compelling reasons for release, the court must then consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the inmate's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). These factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a); *see High*, 997 F.3d at 187.

### III.

#### A.    *Request to Warden*

The Court first will consider whether Mr. Day has satisfied the statute's threshold requirements. Title 18 U.S.C. § 3582(c)(1)(A) "outlines two routes for requesting compassionate release in the district court, one of which does not require exhaustion of administrative remedies." *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022) (internal citations and quotations

omitted). As noted, "the defendant may move for compassionate release 'after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf *or* the lapse of 30 days from the receipt of such request by the warden, *whichever is earlier.*'" *Id.* (emphases in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Simply put, "the threshold requirement to file a compassionate release motion is satisfied if a defendant requests the [BOP] to bring a motion on [his] behalf and *either* fully exhausts all administrative rights to appeal the [BOP]'s decision *or* waits 30 days from the date of [his] initial request." *Id.* (emphases in original) (internal citations and quotations omitted).

Mr. Day has successfully proceeded under the latter route, attaching an October 7, 2025, letter to the warden. [ECF 94-4]. Although his letter to the warden reads as a request for the forms relevant to applying for compassionate release, he sufficiently explained the injuries that he believes warrant release and made clear he sought compassionate release. [*Id.*]. The Government contends Mr. Day failed to exhaust his administrative remedies, but it concedes that if the Court finds Mr. Day's letter satisfies the exhaustion requirement, then the requirements are satisfied. [ECF 96 at 3]. Inasmuch as Mr. Day submitted a request to the warden seeking Compassionate Release Forms, and 30 days elapsed between the mailing of that letter and Mr. Day's filing of the instant Motion on November 20, 2025, the Court finds Mr. Day has satisfied § 3582(c)(1)(A)'s threshold requirement.

## B.    *Extraordinary and Compelling Reasons*

As noted above, Section 1B1.13 recognizes certain medical circumstances constituting extraordinary and compelling reasons, including when a defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided

and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Mr. Day alleges he is suffering from a leg wound that he has had since before he was incarcerated, and it has not been properly treated and may require surgical intervention. However, he offers no supporting evidence indicating he is being deprived of the necessary medical care for his condition.

He has attached no medical records supporting his assertions. He offers only those written in his form motion along with those described in his letter to the warden. [*See* ECF 94]. In response, the Government contends "[Mr. Day's] medical condition is not terminal, nor does it substantially limit his ability to self-ambulate or care for himself." [ECF 96 at 8]. The Court agrees with the Government that "no evidence indicates that his physical condition is diminishing to require any additional care" and Mr. Day "fails to identify any medical condition that presents a clearly compelling and extraordinary reason necessitating release." [*Id.*].

Further, the applicable 18 U.S.C. § 3553(a) factors weigh against release. Mr. Day is currently serving a 60-month sentence for being a felon in possession of a firearm. According to the BOP Inmate Locator, his projected release date is May 29, 2026. Mr. Day has an extensive criminal history which impacted the length of his sentence pursuant to the relevant sentencing guidelines. [ECF 84 at 7:5–17:12]. Nonetheless, the Court found the circumstances of Mr. Day's offense warranted a downward variance. A reduction to an already below-guideline range sentence would fail to promote respect for the law. Furthermore, the Court does not find Mr. Day's symptoms warrant granting this motion with mere months left prior to his release.

### IV.

For the foregoing reasons, the Court **DENIES** Mr. Day's Motion for

Compassionate Release. [**ECF 94**].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER:  March 16, 2026

Frank W. Volk
Chief United States District Judge